# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

# JS-6

### CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-03665-SVW-AFM | Date | December 6, 2023 |
|---|---|---|---|
| Title | *Daevy Wolfe v. IPIC Theaters, LLC* | | |

Present: The Honorable    STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**    ORDER AND JUDGMENT GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF No. 24]

## I.    Introduction

Before the Court is Defendant IPIC Theaters, LLC's Motion for Summary Judgment. ECF No. 24. For the following reasons, Defendant's motion is GRANTED.

## II.    Background[1]

---

[1] All facts are undisputed unless otherwise stated and are derived from the parties' briefs and supporting materials. Nothing in this section should be construed as a factual finding; rather, this section is merely background information regarding the instant lawsuit. "To the extent certain facts or contentions are not mentioned in this Order, the Court has not found it necessary to consider them in reaching its decision." *Sarieddine v. Vaptio, Inc.*, 2021 WL 4731341, at *1 (C.D. Cal. June 15, 2021).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03665-SVW-AFM | Date | December 6, 2023 |
|---|---|---|---|
| Title | *Daevy Wolfe v. IPIC Theaters, LLC* | | |

### A. Overview and Procedural History

In this case, Plaintiff Daevy Wolfe ("Plaintiff") has alleged that his former employer, Defendant IPIC Theaters, LLC ("Defendant")[2] discriminated against him on the basis of his race and age, in violation of the California Fair Employment and Housing Act ("FEHA"). ECF No. 1-2. This case was removed from Los Angeles Superior Court on May 12, 2023. ECF No. 1. Defendant filed a motion for summary judgment on September 25, 2023. The Court heard from the parties on November 6, 2023.

### B. Defendant's Previous Work at IPIC

Defendant "operates premium dine-in movie theaters with full-service, upscale, casual dining in restaurants, lounges, and auditoriums." Def.'s Mot. for Summ. J. ("MSJ") 7. Defendant is a national chain that operates two theaters in California. *Id.* One location is in Pasadena and the other is in the Westwood neighborhood of Los Angeles. *Id.* Plaintiff is an Asian man who was over the age of forty at the time of the events subsequently described (he was forty-nine years old at the time of his termination). Pl.'s Opp. to Def.'s Mot. for Summ. J. ("Pl.'s Opp.") 4. Plaintiff began his employment with Defendant on November 13, 2018, as a bartender at IPIC Westwood. Pl.'s Statement of Genuine Disputes in Resp. to Def.'s Statement of Uncontroverted Facts and Conclusions of Law and Pl.'s Additional Statement of Controverted Facts and Citations to Evidence ("PSGD") 1, ECF No. 27-4. Plaintiff worked in the front of house restaurant called "Tuck." MSJ 7. During Plaintiff's employment with Defendant, Defendant used a platform called "Hot Schedules" to communicate with employees. PSGD 2. Defendant admits that Plaintiff's tenure was "uneventful" and that there were no issues with Plaintiff's performance during his

---

[2] "IPIC Entertainment, LLC is also identified as a defendant in this action. However, that legal entity and IPIC-Gold Class Entertainment, LLC (Plaintiff's employer prior to Defendant), were both dissolved in 2019 through bankruptcy proceedings in the United States District Court for the District of Delaware. Defendant has been Plaintiff's employer since November 2019. Moreover, any claims Plaintiff may have against IPIC Entertainment, LLC or IPIC-Gold Class Entertainment, LLC have been discharged through the bankruptcy proceedings." Notice of Removal of Action to the United States District Court for the Central District of California ("Notice of Removal") 3 n.1, ECF No. 1. Plaintiff has not disputed this contention and Plaintiff's papers have exclusively referred to Defendant. The Court will proceed by treating IPIC Theaters, LLC as the sole defendant of importance.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03665-SVW-AFM | Date | December 6, 2023 |
|---|---|---|---|
| Title | *Daevy Wolfe v. IPIC Theaters, LLC* | | |

time as an employee. Tr. of Proceedings 35:16–20, ECF No. 30.

### C. The COVID-19 Lockdowns, Defendant's Initial Communications About Reopening, and Plaintiff's Termination

On March 15, 2020, all IPIC locations in California closed pursuant to the state's mandatory COVID-19 lockdown. PSGD 3. All non-exempt employees, including Plaintiff, were furloughed. *Id.*

Approximately one year later, in early March 2021, Defendant began planning to reopen select locations as California began to show signs of lifting its lockdowns. PSGD 4. Defendant began making plans to bring back employees "if they were able and willing to continue working for IPIC after the past year of shutdowns." *Id.*

On March 3, 2021, Mark McLaughlin ("McLaughlin"), Defendant's Senior Director of Operations for the Western Region, contacted all qualifying employees through Hot Schedules.[3] PSGD 5. The purpose of McLaughlin's message was to gauge how many of Defendant's furloughed employees were interested in returning to work, because Defendant recognized that "many employees may have found alternate employment or relocated since IPIC's theaters in California had been forced to close." PSGD 7. McLaughlin's message requested that employees notify him within seventy-two hours if they were interested in returning to work once IPIC Westwood was ready and able to reopen. PSGD 7. The message also informed recipients that Defendant would consider their positions voluntarily surrendered if they failed to respond within the seventy-two-hour timeframe. *Id.* However, McLaughlin considered and accepted emails that he received after that deadline had expired. Lee Decl. Ex. B (McLaughlin Dep.) 40:18–41:3.

---

[3] Plaintiff disputes this fact by claiming that "[a] number of employees, including Daevy Wolfe . . . had issues accessing Hot Schedules and/or receiving notification that a message had been posted through Hot Schedules." PSGD 5. However, Plaintiff does not dispute that McLaughlin did in fact post a message through Hot Ones which was directed to all qualifying employees.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03665-SVW-AFM | Date | December 6, 2023 |
|---|---|---|---|
| Title | *Daevy Wolfe v. IPIC Theaters, LLC* | | |

Plaintiff claims that he was unable to access the Hot Schedules system and that he was therefore unable to view McLaughlin's March 3, 2021, email. PSGD 5–6, 8. Plaintiff attributes his inability to access the system to technical issues with the program. Pl.'s Opp. 5. Plaintiff alleges that such technical issues were "not uncommon." *Id.*

Plaintiff makes much of the fact that McLaughlin did not strictly adhere to his own deadline. *See* Pl.'s Objs. to Def.'s Evid. Submitted in Opp. to Def.'s Mot. for Summ. J. ("Pl.'s Objs.") 1 ("Misstates the testimony. Mark McLaughlin extended the deadline to respond to ten days."); *see also* PSGD 7 ("Mark McLaughlin extended the deadline to ten days."). But Plaintiff mischaracterizes McLaughlin's testimony. Responding to a question that asked if he had extended the response deadline to ten days, McLaughlin said the following:

> It was close to that if I remember correctly. I didn't – I didn't shut it down after 72 hours. I know that I captured some additional e-mails that had gone to my spam folder on the 8th and I believe I closed that out with Denise and her team maybe on the 10th or the 11th.

Lee Decl. Ex. B (McLaughlin Dep.) 40:22–41:3, ECF No. 27-1. Plaintiff attempts to erase the phrase "close to" from McLaughlin's testimony, as well as his references to specific dates. McLaughlin sent out his initial email to furloughed employees on March 3, 2021. At 3:36 P.M. on March 8, 2021, McLaughlin emailed Denise Arena ("Arena") with a list of employees who had and had not responded to his message. His initial list indicated that both Plaintiff and his co-worker, Thaddeus Green ("Green"), had "failed to respond to the notice of return to work." Lee Decl. Ex. D, ECF No. 27-1. Just under twenty minutes later, McLaughlin emailed Arena again to inform her that he had discovered four additional responses to his March 3, 2021, email in his spam folder. *Id.* One of those additional responses came from Green. Accordingly, McLaughlin updated his list to indicate that Green should not be terminated. *Id.* Termination letters were sent to those employees who had failed to respond, including Plaintiff and excluding Green, on March 10, 2021. PSGD 12. These facts plainly demonstrate that McLaughlin did not extend the deadline to respond to his March 3, 2021, email to ten days; termination notices were sent out on March 10, 2021 – only seven days after March 3, 2021. While longer than the initial seventy-two-hour window

| | : | |
|---|---|---|
| Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03665-SVW-AFM | Date | December 6, 2023 |
|---|---|---|---|
| Title | *Daevy Wolfe v. IPIC Theaters, LLC* | | |

McLaughlin originally indicated in his email, it is clear that the deadline to respond was not extended to ten days.[4]

Plaintiff received a termination notice from Defendant that was dated March 10, 2021. Lee Decl. Ex. D, ECF No. 27-1. While Plaintiff disputes that he was able to access this email through the Hot Schedules system, *see* PSGD 11, there seems to be no dispute that he did receive a formal termination notice. The record contains an email sent from Plaintiff to McLaughlin on March 12, 2021, in which Plaintiff wrote the following: "I actually received an email saying I was terminated." Lee Decl. Ex. D, ECF No. 27-1.

Plaintiff disputes the importance of that termination notice. In response to Plaintiff's March 12, 2021, email inquiring about the termination notice Plaintiff had received, McLaughlin wrote the following: "That went out automatically once people didn't respond because California has so many rules around things. Disregard it[.]" *Id.*

### D. Subsequent Emails and Plaintiff's Job Applications

Two months then went by without contact between Plaintiff and McLaughlin or Defendant. *Id.* On May 5, 2021, Plaintiff emailed McLaughlin to ask if Tuck was re-opening soon. McLaughlin expressed that Defendant was "struggling just to get enough staff to open the theatre at 25% occupancy so Tuck is still a long way off." *Id.* Plaintiff did not respond to this email until September 2, 2021. *Id.*; *see also* PSGD 27.

On July 28, 2021, Plaintiff submitted an online application for a job as a bartender at IPIC Westwood (his former job at his former place of work). PSGD 28. However, Plaintiff's application mistakenly reflected that he was not legally authorized to work in the United States. *Id.* There is no evidence in the record that anything came of this application.

---

[4] All objections based on the argument that Defendant is misrepresenting the amount of time that employees had to respond because that deadline was ten days are therefore OVERRULED.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03665-SVW-AFM | Date | December 6, 2023 |
|---|---|---|---|
| Title | *Daevy Wolfe v. IPIC Theaters, LLC* | | |

On August 1, 2021, Plaintiff applied for a server position at IPIC Pasadena. PSGD 31. Defendant claims that Plaintiff was invited to interview for that position. PSGD 32. Plaintiff claims that he did not receive that invitation. *Id.* Accordingly, no such interview took place. PSGD 33.

On September 2, 2021, Plaintiff responded to McLaughlin's email from May 5, 2021, to inquire about the status of "the restaurant opening up." Lee Decl. Ex. D, ECF No. 27-1. McLaughlin responded within one hour, instructing Plaintiff as follows: "Tuck Westwood has not reopened yet but is slated to finally in early October. A great many things have changed at IPIC but if you're interested in coming back into the family, fill out an application in the system, [*sic*] (careers on the website), and the Leadership Team will reach out and you can start the dialogue with Greg and the team there in Westwood. Hope you've been well[.]" *Id.*

Plaintiff claims that he "submitted an application to Defendant on September 13, 2021, to which Defendant never responded to." Pl.'s Opp. 7. Plaintiff's application was submitted through the online job posting site, Indeed, and not through Defendant's website as McLaughlin had instructed. Lee Decl. Ex. A (Arena Dep.) 130:8–131:17; Tr. of Proceedings 40:7–41:9, ECF No. 30. Defendant claims that they have no record of this application within their applicant tracking system. *Id.* at 131:10–11; Tr. of Proceedings 40:7–41:9, ECF No. 30.

On December 14, 2021, Plaintiff applied for a bartender position at IPIC Westwood. PSGD 39. On January 6, 2022, Defendant sent Plaintiff a message through its application system to inform Plaintiff that the position he applied for on December 14, 2021, had been filled. PSGD 41.

Plaintiff filed the present suit on March 15, 2023. Hoiles Decl. Ex. A (Compl.), ECF No. 1-2. Defendant removed to federal court on May 12, 2023. ECF No. 1.

| | : |
|---|---|
| Initials of Preparer | PMC |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-03665-SVW-AFM | Date | December 6, 2023 |
|---|---|---|---|
| Title | *Daevy Wolfe v. IPIC Theaters, LLC* | | |

### III.  Legal Standards

#### A.  Motion for Summary Judgment

Summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of . . . [the factual record that] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies its initial burden, the non-moving party must demonstrate with admissible evidence that genuine issues of material fact exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986) ("When the moving party has carried its burden under Rule 56 . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."). "On an issue as to which the nonmoving party will have the burden of proof . . . the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

A material fact for purposes of summary judgment is one that "might affect the outcome of the suit" under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although a court must draw all inferences from the facts in the non-movant's favor, *id.* at 255, when the non-moving party's version of the facts is "blatantly contradicted by the record, so that no reasonable jury could believe it, [the] court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." *Soremukun*, 509 F.3d at 984.

#### B.  California Fair Employment and Housing Act and the Burden-Shifting Framework

| | | : | |
|---|---|---|---|
| Initials of Preparer | | PMC | |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-03665-SVW-AFM | Date | December 6, 2023 |
|----------|------------------------|------|------------------|
| Title | *Daevy Wolfe v. IPIC Theaters, LLC* | | |

Under the California Fair Employment and Housing Act ("FEHA"), it is an unlawful employment practice to refuse to hire or employ a person because of, *inter alia*, their race or their age. Cal. Gov't Code § 12940(a). More specifically, FEHA "outlaws employment discrimination against individuals over forty." *Korte v. Dollar Tree Stores, Inc.*, No. CIV. S-12-541 LKK/EFB, 2013 U.S. Dist. LEXIS 82121, at *31 (E.D. Cal. June 11, 2013); *see also* Cal. Gov't Code §§ 12926, 12940(a).

California has adopted the three-step burden-shifting test established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to evaluate violations of FEHA. *Alamillo v. BNSF Ry.*, 869 F.3d 916, 920 (9th Cir. 2017); *see also Guz v. Bechtel National, Inc.*, 8 P.3d 1089, 1113 (Cal. 2000). "This so-called *McDonnell Douglas* test reflects the principle that direct evidence of intentional discrimination is rare, and that such claims must usually be proved circumstantially. Thus, by successive steps of increasingly narrow focus, the test allows discrimination to be inferred from facts that create a reasonable likelihood of bias and are not satisfactorily explained." *Guz*, 8 P.3d at 1113.

The first step in this test is for a plaintiff to establish a prima facie case of discrimination. *Id.* While "[t]he specific elements of a prima facie case may vary depending on the particular facts," a plaintiff generally "must provide evidence that (1) he was a member of a protected class, (2) he was qualified for the position he sought or was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive." *Id.* "As to the fourth element, [a] plaintiff can demonstrate an employer's discriminatory motive through direct evidence, or by offering 'circumstantial evidence of discrimination that tends to show that the employer's proffered motives were not the actual motives because they are inconsistent or otherwise not believable.'" *Napear v. Bonneville Int'l Corp.*, No. 2:21-cv-01956-DAD-DB, 2023 U.S. Dist. LEXIS 69326, at *16 (E.D. Cal. Apr. 19, 2023) (quoting *Achal v. Gate Gourmet*, 114 F. Supp. 3d 781, 801 (N.D. Cal. July 14, 2015).

If a plaintiff establishes a prima facie case, "a presumption of discrimination arises." *Guz*, 8 P.3d at 1114. Once this presumption arises, "the burden shifts to the employer to rebut the presumption by producing admissible evidence, sufficient to raise a genuine issue of fact and to justify a judgment for the

| | | : | |
|---|---|---|---|
| Initials of Preparer | | PMC | |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-03665-SVW-AFM | Date | December 6, 2023 |
|---|---|---|---|
| Title | *Daevy Wolfe v. IPIC Theaters, LLC* | | |

employer, that its action was taken for a legitimate, nondiscriminatory reason." *Id.* (quotations omitted).

"If the employer sustains this burden, the presumption of discrimination disappears." *Id.* "The plaintiff must then have the opportunity to attack the employer's proffered reasons as pretexts for discrimination, or to offer any evidence of discriminatory motive." *Id.* "In an appropriate case, evidence of dishonest reasons, considered together with the elements of the prima facie case, may permit a finding of prohibited bias." *Id.* "The ultimate burden of persuasion on the issue of actual discrimination remains with the plaintiff." *Id.*

### IV.    Objections

Plaintiff makes numerous objections to evidence offered by Defendants in support of their motion for summary judgment. Pl.'s Objs. to Def.'s Evid. Submitted in Opp. to Def.'s Mot. for Summ. J. ("PODE"), ECF No. 27-3. At the summary judgment stage, courts focus on the admissibility of the contents of evidence as opposed to that evidence's form. *Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (noting that the contents of a diary could be considered at the summary judgment stage because, even if the diary were inadmissible at trial, its contents and the underlying events could be the subject of testimony at trial). *See also Crawford v. Trader Joe's Co.*, No. EDCV 21-1519 JGB (SHKx), 2023 U.S. Dist. LEXIS 90411, at *3-4 (C.D. Cal. May 4, 2023). Plaintiff's objections will be addressed in turn.

First, Plaintiff objects to Arena's characterization in her declaration of the amount of time Plaintiff had to respond to McLaughlin's initial March 3, 2021, email. PODE 1. For the reasons discussed *supra* at note 4 and the accompanying text, this objection is OVERRULED. This objection is raised again in PODE 9–10. Those objections are likewise OVERRULED.

Plaintiff also objects to the way Arena, in her deposition, characterized her belief that Plaintiff had resigned because he had not responded to McLaughlin's March 3, 2021, email by March 10, 2021. PODE 2. The objection is rooted in the claim that Arena's statement in this regard lacks foundation. Plaintiff is

| | | : | |
|---|---|---|---|
| Initials of Preparer | | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03665-SVW-AFM | Date | December 6, 2023 |
|---|---|---|---|
| Title | *Daevy Wolfe v. IPIC Theaters, LLC* | | |

wrong. The text of McLaughlin's March 3, 2021, email ("If you choose to opt out, or do not respond to me directly at the email address given within 72 hours, I will consider you to have moved on and surrendered your position voluntarily.") clearly establishes the factual foundation for this belief. Lee Decl. Ex. B, ECF No. 27-1. Additionally, any lack of foundation could be clarified via testimony at trial. *See Chiles v. Permanente Med. Group*, No. 12-cv-05796-MEJ, 2014 U.S. Dist. LEXIS 141081, at *12–13 (N.D. Cal. Sept. 30, 2014) (overruling lack of foundation objection in an order granting summary judgment because foundation could be established through trial testimony). It is hard to imagine someone better suited to talk about the beliefs Defendant had regarding its employees' employment status than Arena because she "is employed as Defendant's Executive Director of Human Resources." Lee Decl. ¶ 2, ECF No. 27-1. *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990), 897 F.2d at 1018 (personal knowledge and competence to testify can reasonably be inferred from the declarations themselves and from the declarant's position and the nature of their participation in the matters to which they swore). This objection is therefore OVERRULED.

Plaintiff also objects to a statement included in Arena's declaration that, to the best of her knowledge, Defendant has not reversed its decision to terminate Plaintiff. This objection alleges that Arena's statement misstates the testimony. PODE 3. Plaintiff bases this objection on statements made by Plaintiff and McLaughlin in their depositions.[5] The significance of McLaughlin's email is contested between the parties. But an objection that Arena misstates her testimony goes "to the weight of the evidence, not the admissibility of the testimony." *Galvan v. City of La Habra*, No. SACV 12-2103 JGB (RNBx), 2014 U.S. Dist. LEXIS 49248, at *10 (C.D. Cal. Apr. 8, 2014). *See also McInteer v. Ashley Distrib. Servs.*, 40 F. Supp. 3d 1269, 1275 (C.D. Cal. 2014) ("In ruling on summary judgment, the Court considers the evidence submitted in support of and opposition to the Motion, it does not rely on the parties' characterization of the evidence."). This objection is therefore OVERRULED.

Next, Plaintiff objects to a statement in Arena's declaration that "the Westwood location" of IPIC

---

[5] Plaintiff also cites to portions of the Arena deposition that are either irrelevant or not included in the portion of the deposition contained within the Lee Declaration.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03665-SVW-AFM | Date | December 6, 2023 |
|---|---|---|---|
| Title | *Daevy Wolfe v. IPIC Theaters, LLC* | | |

had not reopened by the time Plaintiff applied for a bartender position on July 28, 2021. Plaintiff's rationale is that this statement misstates the testimony because IPIC Westwood had reopened; only the restaurant side of the business, Tuck, had not yet reopened by that point. PODE 4. At the hearing on November 6, 2021, Defense counsel clarified that Plaintiff is correct. Tr. of Proceedings 18:4–19:1, 22:7–23, 37:3–10. This objection is therefore SUSTAINED. The Court has captured this objection in its statement of the facts of the case.

Plaintiff makes two relevance objections to statements in Arena's declaration regarding Plaintiff's application for a server position in Pasadena and his alleged invitation to interview. PODE 5–6. "First, as a general rule, most relevance-based evidentiary objections are moot in the context of summary judgment motions. This is because at summary judgment, the question is whether there are genuine disputes of material fact, and accordingly, the relevance inquiry inheres throughout the determination of summary judgment motions." *SEC v. Criterion Wealth Mgmt. Servs.*, 599 F. Supp. 3d 932, 935 (C.D. Cal. 2022). To the extent that the Court finds it useful to consider these facts in its analysis, they are relevant. These objections are therefore OVERRULED.

Plaintiff also objects to a statement in Arena's declaration that Plaintiff failed to appear for an interview related to the IPIC Pasadena server position he applied for. Plaintiff objects that this statement misstates testimony because Plaintiff claims to have never received such an interview invitation. PODE 7. Plaintiff also alleges lack of foundation. Plaintiff's point is better made through argumentation. The Court notes that there is no evidence that Plaintiff received the invitation to interview which Defendant claims to have sent. However, there is no dispute between the parties that Plaintiff did not interview for the Pasadena position on August 26, 2021. Plaintiff's objection is therefore OVERRULED, but his underlying point is reflected in the Court's description of the facts.

Next, Plaintiff objects to the statement in Arena's declaration that the IPIC Westwood restaurant and bar reopened in October 2021. The objection alleges a misstatement of testimony rooted in the fact that the IPIC Westwood location had reopened earlier, while its Tuck restaurant had remained closed. PODE 8. Unlike the statement objected to in PODE 4, the statement objected to in PODE 8 captures this

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03665-SVW-AFM | Date | December 6, 2023 |
|---|---|---|---|
| Title | *Daevy Wolfe v. IPIC Theaters, LLC* | | |

distinction and Plaintiff's objection is therefore OVERRULED.

Plaintiff also objects to the following statement in McLaughlin's declaration: "On March 12, 2021, Plaintiff emailed me stating he received an email stating his employment had been terminated and asked if he should disregard it. I responded stating that the termination notice went out due to rules in California regarding layoffs and to disregard the email since he was unable to access it, intending to notify Plaintiff when the location would reopen so he could reapply." Plaintiff objects that this statement misstates testimony and that it lacks foundation. Once again, Plaintiff's point is better suited to argumentation than to these objections. First, Plaintiff seems to be disputing McLaughlin's characterization of his instruction that Plaintiff disregard the termination email he had received. The statement to which Plaintiff has objected clearly states that McLaughlin told Plaintiff to disregard the email. Therefore, the objection related to misstatement of testimony is OVERRULED. Plaintiff's lack of foundation objection is based on the fact that McLaughlin's email did not reference these intentions. First, McLaughlin never claimed that it did; he simply explained his intentions as they existed at the time he sent his March 12, 2021, email to Plaintiff. Second, any foundation issues could be addressed if McLaughlin were to testify at trial. *See Chiles*, 2014 U.S. Dist. LEXIS 141081, at *12–13 (overruling lack of foundation objection in an order granting summary judgment because foundation could be established through trial testimony). This objection is likewise OVERRULED.

Plaintiff objects to McLaughlin's characterization of an email exchange on May 5, 2021, regarding when the restaurant Tuck would reopen. This objection alleges a misstatement of testimony, once again based on the fact that the IPIC Westwood location had already reopened, while Tuck had yet to reopen within that location. PODE 12. McLaughlin's testimony does contain some ambiguity, but the Court finds it likely that his reference to the "Westwood location" was meant to refer to Tuck. The Court will construe his statement accordingly. *See Galvan*, 2014 U.S. Dist. LEXIS 49248, at *10 (noting that objections about misstatement of testimony go to the weight of the evidence and not to its admissibility). This objection is therefore OVERRULED.

Lastly, Plaintiff objects to McLaughlin's statement that he is not aware of actions taken by Plaintiff

| | | : | |
|---|---|---|---|
| Initials of Preparer | | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03665-SVW-AFM | Date | December 6, 2023 |
|---|---|---|---|
| Title | *Daevy Wolfe v. IPIC Theaters, LLC* | | |

or IPIC after McLaughlin's termination. This objection is based on lack of foundation. PODE 13. The Court first notes that a lack of foundation objection makes little sense in relation to a statement indicating that McLaughlin lacks information about events after his termination. But even if there were a reasonable way to construe the objection, McLaughlin could lay any necessary foundation were he to testify at trial. Accordingly, this objection is OVERRULED. *See Chiles*, 2014 U.S. Dist. LEXIS 141081, at *12–13 (overruling lack of foundation objection in an order granting summary judgment because foundation could be established through trial testimony).

V.    **Discussion**

A.  **Plaintiff Has Failed to Make Out a Prima Facie Case of Discrimination**

As explained above in Section III-B, a plaintiff must establish four things to make out a prima facie case of discrimination. A plaintiff generally "must provide evidence that (1) he was a member of a protected class, (2) he was qualified for the position he sought or was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive." *Guz*, 8 P.3d at 1113.

Here, Plaintiff has no problem establishing the first three elements of a prima facie case. Plaintiff is an Asian man who was over 40 years old at the time that Defendant terminated his position and declined to rehire him.

However, Plaintiff has provided no evidence of circumstances suggesting discriminatory motive on Defendant's part. The bar for establishing racial animus is quite low, but Plaintiff is unable to meet it based on the record before the Court. *See Achal*, 114 F. Supp. 3d at 801 ("Applying California law, the Ninth Circuit has held that a mere comment suggesting the existence of bias can be direct evidence of discriminatory animus, 'which, if believed, proves the fact [of discriminatory animus] without inference of presumption.'" (quoting *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221–22 (9th Cir. 1998))). Plaintiff's argument comes down to the fact that Green was allowed to return to work while Plaintiff was not. Pl.'s Opp. 12–13. Plaintiff claims that Green was "in the same situation as Plaintiff." *Id.* at 12. But the facts plainly show that this was not the case. Green never received a termination letter because McLaughlin discovered that Green had reached out to him before those termination letters were processed

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03665-SVW-AFM | Date | December 6, 2023 |
|---|---|---|---|
| Title | *Daevy Wolfe v. IPIC Theaters, LLC* | | |

and sent out. Plaintiff, on the other hand, did not contact McLaughlin before the termination letters were processed. Accordingly, Plaintiff received a formal termination notice from Defendant. Green did not. Whatever the significance of McLaughlin telling Plaintiff to disregard his formal termination, Green and Plaintiff were in fundamentally different positions.

Plaintiff's only other contention is that he responded to McLaughlin's email within the extended ten-day period that McLaughlin allegedly allowed. Pl.'s Opp. 10. But once again, the facts do not support the notion that McLaughlin extended the response window to ten days. While McLaughlin did consider additional responses he received before the termination letters had been processed, Plaintiff's communication with McLaughlin took place *after* Plaintiff had received a formal termination notice.

Because Plaintiff has provided no other evidence indicating discriminatory circumstances, Plaintiff has failed to make out a prima facie case of discrimination in violation of FEHA.

**B.  Even if Plaintiff Had Made Out a Prima Facie Case of Discrimination, Defendant Would Have Met Its Burden of Production and Plaintiff Has Introduced No Evidence to Suggest Pretext**

If the Court were to assume that Plaintiff had made out a prima facie case of discrimination, Defendant would still be entitled to summary judgment because Defendant has offered "admissible evidence . . . that its action was taken for a legitimate, nondiscriminatory reason." *Guz*, 8 P.3d at 1114. For example, Plaintiff mistakenly indicated that he was unable to work legally in the United States when applying for a position at IPIC Westwood.[6] He also never appeared for an interview at IPIC Pasadena; regardless of whether or not Plaintiff received such an invitation from Defendant, if Defendant recorded that the invitation had been sent and that Plaintiff had not shown up, it would have been rational for Defendant to decline to offer Plaintiff a position. Intermittent emails from Plaintiff with months-long gaps between them do not demonstrate a diligent pursuit of employment that would have communicated to Defendant that Plaintiff was asking for the opportunity to return to work. Therefore, Defendant has

---

[6] Defendant offered two reasons why Plaintiff's previous work experience at IPIC Westwood would not have obviously flagged this as a mistake. First, the entirely new management team hired after IPIC Westwood's reopening would have been unfamiliar with Plaintiff's previous work. Tr. of Proceedings 26:16–27:6, ECF No. 30. Second, the automated system may have automatically removed Plaintiff's application from further consideration given his mistaken selection. Tr. of Proceedings 25:2–5, ECF No. 30.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03665-SVW-AFM | Date | December 6, 2023 |
|----------|------------------------|------|------------------|
| Title | *Daevy Wolfe v. IPIC Theaters, LLC* | | |

articulated numerous valid and non-discriminatory reasons for not rehiring Plaintiff.

Given these legitimate reasons, the "presumption of discrimination disappears" and Plaintiff must then "attack the employer's proffered reasons as pretexts for discrimination, or . . . offer any other evidence of discriminatory motive." *Id.* Here, there is no evidence in the record with which Plaintiff could attack Defendant's proffered reasons. No reasonable jury could find that Plaintiff had sustained its "ultimate burden of persuasion on the issue of actual discrimination." *Id.*

### C.  Plaintiff's Claims for Intentional and Negligent Infliction of Emotional Distress Fail

Under California law, a cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (citing *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 819 (Cal. 1993)).

Here, Plaintiff alleges that Defendant's discrimination is the sort of outrageous conduct that is required by the first element of the tort of intentional infliction of emotional distress. However, for the reasons explained in section V-A and V-B, Plaintiff has not pointed to any evidence that discrimination took place. Accordingly, the first element of the tort is not present; the claim therefore fails.

Even if Plaintiff were to shift his reasoning and allege that McLaughlin's instruction to disregard the termination notice he had received was negligent and incorrect, such conduct would hardly rise to the level of extreme or outrageous. The California Supreme Court has explained that extreme or outrageous conduct is conduct that "must be so extreme as to exceed all bounds of that usually tolerated in civilized community." *Christensen v. Superior Ct.*, 820 P.2d 181, 202 (Cal. 1991) (quoting *Davidson v. City of Westminster*, 649 P.2d 894, 901 (Cal. 1982)). No reasonable jury could find that McLaughlin's conduct met that standard.

Additionally, Plaintiff has not alleged enough facts to make out the second requirement for the tort of intentional infliction of emotional distress, i.e., that he suffered severe or extreme emotional distress. Plaintiff states that he "suffered significant emotional distress as a result of Defendant's discrimination

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03665-SVW-AFM | Date | December 6, 2023 |
|---|---|---|---|
| Title | *Daevy Wolfe v. IPIC Theaters, LLC* | | |

and decision to wrongfully terminate his employment, including but not limited to, embarrassment." Pl.'s Opp. 14. A conclusory statement that Plaintiff suffered embarrassment is not enough to constitute severe or extreme emotional distress. *See Hughes*, 209 P.3d at 966–67 (plaintiff suffering discomfort, worry, anxiety, upset stomach, concern, and agitation because of sexual harassment did not constitute emotional distress of such substantial quality or enduring quality that no reasonable person in civilized society should be expected to endure it).

Moreover, California courts have found that a claim for intentional infliction of emotional distress is not the appropriate vessel for Plaintiff to challenge his employer's behavior. "A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged. If personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination." *Janken v. GM Hughes Electronics*, 53 Cal. Rptr. 2d 741, 756 (Cal. Ct. App. 1996).

Under California law, negligent infliction of emotional distress is not a standalone tort; rather, it is "a form of the tort of negligence, to which the elements of duty, breach of duty, causation and damages apply." *Huggins v. Longs Drug Stores Cal., Inc.*, 862 P.2d 148, 151 (Cal. 1993) (citing *Marlene F. v. Affiliated Psychiatric Med. Clinic*, 770 P.2d 278, 281). Plaintiff did not outline how those elements would be met in this case. Moreover, Plaintiff did not respond to Defendant's assertions that an employer's supervisory conduct is inherently intentional and cannot therefore sustain a claim for negligent infliction of emotional distress. *See Edwards v. U.S. Fidelity & Guar. Co.*, 848 F. Supp. 1460, 1466 (N.D. Cal. 1994).

### D.  Plaintiff's Claim for Punitive Damages Fails

In a civil claim not arising from breach of contract, a plaintiff can receive punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant." Cal. Civ. Code § 3294. That statute provides the following definitions. "(1) 'Malice' means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others. (2) 'Oppression' means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights. (3) 'Fraud' means an intentional

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03665-SVW-AFM | Date | December 6, 2023 |
|----------|------------------------|------|------------------|
| Title | *Daevy Wolfe v. IPIC Theaters, LLC* | | |

misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." For the myriad reasons discussed above, no reasonable jury could find that Defendant had engaged in any conduct that could be considered malice, oppression, or fraud. Plaintiff's claim for punitive damages therefore fails as a matter of law. Cal. Civ. Code § 3294(c).

**E.  Plaintiff's Request for a Continuance is Denied**

Rule 56(d) of the Federal Rules of Civil Procedure "provides 'a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence.'" Fed. R. Civ. P. 56(d). *Stevens v. CoreLogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002)). A district court's denial of a continuance for additional discovery in the face of a summary judgment motion is reviewed for abuse of discretion. *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

Rule 56(d) requires that the party requesting the continuance "show by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Plaintiff has not submitted a document that meets this requirement. This Court also already granted a continuance to allow additional discovery, moving the initial discovery cutoff from August 11, 2023, to September 22, 2023. ECF No. 23. Plaintiff cannot claim to have had insufficient time to develop affirmative evidence of discrimination; this case is not one in which a summary judgment motion was filed so early in the litigation that a party has not had any realistic opportunity to pursue discovery. *See Shijiazhuang Hongray Grp. v. World Trading 23 Inc.*, No. 5:21-cv-00972-FWS-KK, 2023 U.S. Dist. LEXIS 141947, at *4–5 (C.D. Cal. Aug. 14, 2023) (citing *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation, Mont.*, 323 F.3d 767, 773 (9th Cir. 2003). Further, no timely motion to compel was brought before the revised discovery cutoff date. Reply on Behalf of Defendant IPIC Theaters, LLC to Pl.'s Opp. to Def.'s Mot. for Summ. J. 11. *See Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (stating that failure to diligently pursue discovery weighs against granting a continuance of a summary judgment motion for the purpose of conducting additional discovery)

The information that Plaintiff seeks relates to "statistical information as to Defendant's employee's race and age." Pl.'s Opp. 16. The Ninth Circuit has held that such information is unquestionably relevant in the Title VII context. *See Diaz v. American Tel. & Tel.*, 752 F.2d 1356 (1362–63). Such information is

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-03665-SVW-AFM | Date | December 6, 2023 |
|---|---|---|---|
| Title | *Daevy Wolfe v. IPIC Theaters, LLC* | | |

therefore also relevant as it pertains to a claim under FEHA. However, after multiple depositions and interrogatories, Plaintiff has produced no evidence to substantiate an inference of discrimination. For these reasons, the Court DENIES Plaintiff's request for a continuance because it believes that further discovery will not defeat Defendant's motion for summary judgment. *See SEC v. Stein*, 906 F.3d 823, 833 (holding that a district court should grant continuance of a summary judgment motion for additional discovery only if facts essential to the non-moving party's opposition to summary judgment are likely to be discovered through further discovery).

### VI.    Conclusion

Discrimination claims brought under FEHA are evaluated pursuant to the *McDonnel Douglas* burden-shifting framework. Here, Plaintiff failed to make out a prima facie case of discrimination. The only evidence alleged was that a differently situated white employee under the age of forty was allowed to return to work, while Plaintiff, an Asian employee over the age of forty, was not. Comparing these two employees is inapposite for reasons articulated above, i.e., Green responded that he would like to return to work before formal termination notices were processed while Plaintiff did not. Even if Plaintiff had established a prima facie case of discrimination, Defendant offered legitimate reasons for why Plaintiff was not allowed to return to work, such as Plaintiff's mistaken indication that he was not able to work legally in the United States, Plaintiff's failure to appear for an interview for a position at IPIC Pasadena, and Plaintiff's intermittent and non-diligent emails inquiring about the reopening of Tuck. Plaintiff produced no evidence whatsoever that these reasons were pretextual. For these reasons, the Court finds that no reasonable jury could find that discrimination took place here. Additionally, no reasonable jury could find that any of Plaintiff's other claims were meritorious. For the foregoing reasons, the Court GRANTS Defendant's request for summary judgment and DENIES Plaintiff's request for a continuance to perform further discovery.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | PMC | |